UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHARLES ALLEN RIDEOUT, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-00664 |
| ANDREW M. SAUL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is a Report and Recommendation (Doc. No. 25) in which the Magistrate Judge concludes that the Court should deny Charles Allen Rideout's motion for judgment on the administrative record (Doc. No. 19) and affirm the final decision of the Commissioner. Rideout has timely filed objections. (Doc. No. 26.) The Court has conducted a *de novo* review of the record.

After review of the ALJ's analysis of Rideout's medical records and evidence, the Magistrate Judge concluded that the ALJ correctly determined Rideout's medically determinable impairments were non-severe. (See Doc. No. 25 at 8-19.) In addition, the Magistrate Judge found that the ALJ gave sufficient reasons for discounting the opinion of Rideout's treating physician as inconsistent with Rideout's medical record. (Id. at 17-18, 20.) Rideout objects that these findings were not supported by substantial evidence and contends that his impairments "should have been found severe." (Doc. No. 26 at 1.) Rideout concedes that the Magistrate Judge and ALJ note "various examinations" that were "normal," but cites to "some evidence" for "exacerbation" of his disability that he believes was not taken into account. (Id. at 2.) In particular, Rideout cites the

"most notable" evidence of "severe spinal canal stenosis." (Id. at 1-2.) In sum, Rideout contends, both the Magistrate Judge and the ALJ were overly stringent at the second step of the disability determination process.[1]

At step two of the sequential evaluation process, a plaintiff bears the burden of showing that a medically determinable impairment is severe and meets the twelve month durational requirement. Harley v. Comm'r of Soc. Sec., 485 F. App'x 802, 803-04 (6th Cir. 2012); Fudge v. Berryhill, No. 3:16-CV-00804, 2017 WL 3237746, at *6 (M.D. Tenn. July 31, 2017). A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities. Hayes v. Astrue, No. 2:08-0067, 2009 WL 1940820, at *5 (M.D. Tenn. July 1, 2009). In the past, the step two severe impairment requirement has been described as a "*de minimis*" hurdle. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988). However, as the Sixth Circuit has noted, "this lenient interpretation of the severity requirement in part represent[ed] the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." Long v. Apfel, 1 Fed. Appx. 326, 331 (6th Cir. 2001) (citation omitted).

More recently, courts have recognized that "not all impairments are severe." Wilkins v. Comm'r of Soc. Sec., No. 13-12425, 2014 WL 2061156, at *13 (E.D. Mich. May 19, 2014). Indeed, "[t]he mere existence of . . . impairments . . . does not establish that [a claimant] was significantly limited from performing basic work activities for a continuous period of time." Despins v. Comm'r of Soc. Sec., 257 F. App'x 923, 929, 930 (6th Cir. 2007). Thus, the Court of Appeals has affirmed findings of non-severe impairment at step two when supported by substantial

---

[1] These objections are a reiteration of Rideout's briefing on the motion for judgment on the administrative record, and thus were considered by the Magistrate Judge. (Doc. Nos. 19-1, 23.)

evidence. See, e.g., Harley v. Comm'r of Soc. Sec., 485 F. App'x 802, 803-804 (6th Cir. 2012) (affirming step two finding that claimant with chronic pancreatitis, pain, and an opinion from his treating physician of disability did not have severe impairment); Despins, 257 F. App'x at 930 (affirming finding of non-severe impairment for claimant with "various medically determinable impairments, including aortic stenosis, aortic valve and root replacement, hypothyroidism, benign essential tremor, and residuals of colon cancer"). Symptoms alone cannot constitute a severe medically determinable impairment. SSR 96-4p, 1996 WL 374187, at *2 (S.S.A. July 2, 1996). Further, "[i]n considering whether a claimant has a severe impairment, an ALJ must not accept unsupported medical opinions or a claimant's subjective complaints." Wilkins v. Comm'r of Soc. Sec., No. 13-12425, 2014 WL 2061156, at *13 (E.D. Mich. May 19, 2014) (citations omitted).

Importantly, the District Court is limited to determining whether the Commissioner's decision concerning the severity of Rideout's impairment is supported by substantial evidence. "Under the substantial evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (emphasis deleted)). "[T]he threshold for such evidentiary sufficiency is not high." Id. at 1154. Substantial evidence is "more than a mere scintilla." Id. (citations omitted). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison, 305 U.S. at 229). The role of the Court is to apply this standard, not "resolve conflicts in evidence[ ] or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

Here, the ALJ examined Rideout's medically determinable impairments, found that they were "non-severe," and concluded that plaintiff was not disabled at step two of the sequential

3

evaluation. First, the ALJ addressed the treatment history of the medical issues Rideout raises in the Objections. (Doc. No. 12 at 20.) Among other things, he discussed Rideout's anxiety, depression, sleep apnea, ADHD, bulging discs, hypertension, chest pain, diabetes, heart disease, GERD, and hyperlipidemia, and found that records revealed them all to be well-managed. Second, the ALJ reviewed medical images and laboratory tests, including the 2016 CT scan that demonstrated spinal stenosis. (Id.) He highlighted mild symptoms and incidental findings. (Id.) Notably, he observed that there were no significant clinical indications of physical limitations associated with the test results. (Id.) Third, the ALJ examined Rideout's clinical signs and physical examinations, and found that they did not show abnormal concerns or limitations. (Id. at 20-21.) Fourth, the ALJ found that evidence of Rideout's mental status did not show any signs of severe limitation. (Id. at 21.) Finally, the ALJ found that Rideout's own statements and claims about his level of impairment and restrictions did not sufficiently support the allegations (and, in several instances, contradicted them). (Id. at 21-22.) Because the ALJ determined that Rideout's medically determinable impairments cause "mild" limitation" at most in any functional area, he concluded that they are non-severe. In reaching this conclusion, the ALJ gave little weight to a July 2015 medical source statement from Dr. Bal, Rideout's treating physician, that advised Rideout was severely limited. (Id. at 22.) Citing "continuous[ ]" reports of "normal" examinations made by Dr. Bal and Rideout's own conflicting reported activities,[2] the ALJ found that Dr. Bal's finding "directly contradict[ed] the level of limitation reflected in the medical record." (Id.) The ALJ thus afforded Dr. Bal's opinion less weight relative to four consulting experts who found Rideout's limitations to be non-severe. (Id.)

---

[2] For example, Dr. Bal opined that Rideout could only stand for 5 to 15 minutes at a time, but Rideout testified that he continued to work on cars for Beaman Automotive for over a year later.

4

Upon *de novo* review, the Court agrees with the Magistrate Judge's conclusions. The ALJ gave sufficient reasons for concluding that Rideout's alleged impairments were non-severe. The ALJ was not bound by Dr. Bal's opinion to the extent it was inconsistent with a significant amount of Rideout's medical treatment record. Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 652 (6th Cir. 2006) (citation omitted). More importantly, the Magistrate Judge carefully set forth how the ALJ considered Rideout's complaints in the context of the whole of the substantial evidence in the record. The Court is satisfied that, at the very least, the ALJ's determination was reasonable and fell within the permissible "zone of choice" based upon substantial evidence within which the ALJ could "go either way, without interference by the courts." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009). The Court must affirm the Commissioner's decision if it is based on substantial evidence, even if there is substantial evidence that would also have supported an opposite conclusion. Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007). It is thus inappropriate to disturb the ALJ's conclusions.

Accordingly, Rideout's Objections (Doc. No. 26) are **OVERRULED**. The Report and Recommendation (Doc. No. 25) is **APPROVED AND ADOPTED**. The motion for judgment on the administrative record (Doc. No. 19) is **DENIED** and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE